UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORRAINE DELFOSSE,

        Plaintiff,

v.                                                      Case No. 11-C-199

CONTINENTAL CASUALTY CO., et al.,

        Defendants.

**DECISION AND ORDER**

In this action Plaintiff Lorraine Delfosse alleges that Defendant Continental Casualty Co. has failed to pay benefits owed under a long term care policy it issued to her in 1990. Although she filed the complaint in Brown County Circuit Court, the case was removed by Continental on the basis of diversity jurisdiction. Subsequently, Delfosse amended her complaint to allege that Jack Schroeder & Associates ("JSA"), an insurance agency, and its agent, Doris Fisher, misrepresented the terms of the policy they sold to her. JSA and Fisher are both Wisconsin citizens, which destroys diversity jurisdiction. As such, Delfosse now moves to remand the action to state court.

Continental protests that the addition of JSA and Fisher was a transparent effort to destroy jurisdiction because the claims against these putative defendants are baseless. When a plaintiff seeks to add non-diverse defendants following removal, a district court may either allow the joinder and remand the action, or it may prohibit joinder and retain it. In making this determination, a court should consider the following factors:

> (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether

the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.

*Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir. 2009).

Here, the Plaintiff has readily admitted that she would prefer to litigate in state court. Continental Casualty claims that this demonstrates that the recent joinder was simply a forum shopping tactic, but that goes too far. For various reasons, it is quite common for plaintiffs to prefer litigating in state courts, particularly against insurance companies. The Plaintiff's candid concession of that fact should not be deemed an admission of impropriety, and we should not pretend that forum considerations do not play a role in circumstances like this. In fact, in a related context, some courts view a plaintiff's lack of candor about an amendment's impact on jurisdiction unfavorably. *See, e.g., Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir. 2009) (viewing unfavorably the plaintiff's failure to alert the court to the jurisdictional issue).

Even so, it appears that the addition of JSA and Fisher immediately after the case was removed was a procedure designed at least partly to defeat diversity jurisdiction. In considering a plaintiff's motives, the fraudulent joinder doctrine comes into play (though it is not dispositive of the issue). Specifically, courts look at the nature of the claims brought against the newly added defendants, and the defendant must prove that there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant in state court. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). This is described as a "heavy burden" for the party objecting to the addition of new parties. *Id.*

Here, Plaintiff alleges that JSA and Fisher misrepresented the nature of the insurance they sold her. In particular, she asserts that they gave her a booklet describing coverage, and the booklet

implied that she would be covered for "all levels of care" rather than merely the specific, state-licensed nursing homes that Continental now asserts its coverage is limited to. Continental argues that the language in the booklet *is* consistent with the policy language. Moreover, it asserts: Delfosse has not pled this fraud claim with particularity; neither JSA nor Fisher published the booklet in question; and neither JSA nor Fisher had any obligation to advise Delfosse about the terms of the policy.

Continental's arguments resemble those a defendant might make in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The purpose of the fraudulent joinder analysis, however, is not to conclusively resolve a claim on its merits but to assess whether there is any plausible basis for the claim being brought at all.[1] Thus, in the proper analysis "the defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos,* 959 F.2d at 73 (emphasis added). Here, if we resolve questions of law in the Plaintiff's favor, I would have to conclude that there is a possibility of a cause of action existing against the newly added defendants. This is not a case where no plausible claim exists; instead, as Continental has shown, it is a case where a number of defenses might defeat the claim. At its essence, the Plaintiff is simply alleging that a person who sold an insurance policy to her misled her about the policy's terms. Thus, I conclude that Continental has not met its heavy burden to show fraudulent joinder. Instead, I conclude, as the Plaintiff admits, that the addition of the new parties was only *partly* motivated by her desire to remain in state court.

---

[1]This is not to say that there is no overlap with a 12(b)(6) analysis. In some cases, a claim could be so lacking in merit that the need for its dismissal is manifest. In such a case, the fact that a claim would readily be subject to dismissal is a factor suggesting it should not be allowed as an amendment.

3

The second factor, timeliness, asks whether the Plaintiff has been dilatory in seeking the amendment. *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987). Here, Plaintiff plausibly explains that her counsel was surprised to learn that the insurance agent and her company were still in business some twenty-one years after the policy was sold. It was only at that point that Plaintiff decided to name them as parties. The amended pleading was added very early in this action, and upon filing the amendment counsel soon filed the motion to remand. This suggests an honest and straightforward recognition of the issue and an attempt to secure a proper forum swiftly. The contrast with *Bailey,* an Eighth Circuit case cited by the Seventh Circuit in *Schur*, is instructive.

> Bailey waited a year before filing his motion to amend. When he finally filed the motion, Bailey failed to inform the court such joinder would destroy diversity. Less than a month after the joinder order, Bailey filed a motion for remand, suggesting he had known about the jurisdictional issues. These facts and reasonable inferences support the district court's conclusion the defendants were joined primarily for the purpose of defeating federal jurisdiction.

*Bailey v. Bayer CropScience L.P.,* 563 F.3d at 309.

Given the swiftness and forthrightness with which the issue has been presented to this Court, I am unable to conclude that naming the parties after removal was a dilatory tactic.

The third factor asks whether the plaintiff will be prejudiced if joinder is not allowed. This analysis dovetails with the first factor. Having concluded that the claims against JSA and Fisher are at least plausible ones, the Plaintiff would indeed be harmed if joinder were disallowed and she were forced to litigate those claims in state court and the claim against Continental Casualty in this court. Even so, such prejudice would be relatively minor. Accordingly, this factor does not materially change the analysis.

Finally, a court is to consider any other equitable considerations. This action appears to be a garden variety claim by an insured against her insurer and its agents. I am not persuaded that any equitable considerations come into play in determining whether the amendment should be allowed.

In sum, it is obvious that the addition of the new parties is motivated at least partly by the Plaintiff's desire to remain in state court. Forum shopping has a bad name, but in reality it happens all the time. After all, removal to federal court is itself a form of forum shopping. Within bounds, there is nothing to prevent attorneys from using the procedural rules to secure the forum of their choice, and here I conclude that these rules have not been abused.[2] Accordingly, the motion to remand is **GRANTED**. The action is **REMANDED** to Brown County Circuit Court.

**SO ORDERED** this   29th   day of June, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[2] Cases cited by Continental Casualty are not persuasive. For instance, in *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000), the court noted that "the Plaintiffs gave no explanation for why they sought to add Franks after the case was removed. Although the court gave the Plaintiffs an opportunity to file a Reply in support of their Motion to Remand, the court has not received a Reply from the Plaintiffs." The same was true in *McGee v. State Farm Mut. Auto. Ins. Co.,* 684 F. Supp. 2d 258 (E.D.N.Y. 2009). There, the court found it odd that there was no viable explanation for why the new parties hadn't been named sooner. "At oral argument, McGee, for the first time, characterized the amended complaint as designed to correct 'clerical errors' in the original complaint. It beggars belief that the complete omission from the initial complaint of several defendants who were referenced in the complaint or of whom he was aware could be attributed to a 'clerical error.'" *Id.* at 264 n.7.